IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN ROMERO GROGAN, JR., | ) | CASE NO. 5:22 CV 274 |
| Petitioner, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| WARDEN DAVID BOBBY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

*Pro se* petitioner Juan Romero Grogan, Jr. has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). At the time of filing, Petitioner was a federal pretrial detainee held in the Northeast Ohio Correctional Center in Youngstown, Ohio, awaiting trial on criminal charges pending in this district court. A review of the docket however reveals that on April 1, 2022, Petitioner was convicted of possession with intent to distribute and to distribute fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm, and he is currently awaiting sentencing. *See U.S.A. v. Grogan*, Case No. 5:21 CR 85 (N.D. Ohio) (Doc. Nos. 68, 69).

In this petition, it appears that Petitioner alleges his arrest in the federal criminal case was based upon a state arrest warrant that was "expunged," and therefore, the federal arrest warrant was invalid. (*Id.* at 6). Petitioner asserts three grounds for relief, all of which concern the

sufficiency of the search and arrest warrants, unlawful restraint, and the seizure of Petitioner's property. (Doc. No. 1). He is seeking immediate release, the "federal prosecution to be found moot and to be excluded as a collateral consequence for subject matter jurisdiction," and a hearing to develop the record and provide additional evidence. (*Id.* at 7).

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court may, however, dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

To the extent Petitioner is challenging the circumstances surrounding his arrest and the seizure of his property as a federal pretrial detainee, this claim must fail. To be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, Petitioner is required to first exhaust available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92, 38 S. Ct. 166, 62 L. Ed. 358 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted

in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 550-51, 26 S. Ct. 147, 50 L. Ed. 303(1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that Defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same).

Here, Petitioner indicates in his petition that he did not appeal the alleged unlawful restraint because "no appeal process has been available." (Doc. No. 1 at 2). Petitioner had therefore not exhausted his remedies.

Moreover, even if Petitioner had exhausted his remedies, the nature of his claims still precludes this Court's review. Just as where the Court should abstain when a state pretrial detainee raises habeas claims that would be dispositive of the underlying criminal charges, federal court efficiency and administration principles dictate that this Court decline to review claims that would dispose of an underlying pending federal criminal action until the petitioner has exhausted the claims at his upcoming criminal trial. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225-26 (5th Cir. 1987). In this case, Petitioner seeks invalidation of his arrest warrant and dismissal of the charges. Such claims, if successful, would obviously dispose of the underlying federal criminal charges. This Court must therefore abstain from review.

To the extent Petitioner has been convicted and he is challenging his conviction, such claims must be asserted under §2255, or on direct appeal. *See Capaldi v. Pontesso*, 135 F.3d

1122, 1123 (6th Cir. 2003) (a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court). A habeas corpus petition under § 2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Under highly exceptional circumstances, a prisoner may challenge the legality of his conviction under § 2241, instead of under § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A petitioner may take advantage of this "savings clause" only when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which the petitioner was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the petitioner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under § 2255, or where he did assert his claim in an earlier motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Petitioner has not demonstrated any such exceptional circumstances exist here.

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 10, 2022